# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF NEW YORK

———————————————

№ 10-CV-1808 (JFB)(AKT)

———————————————

ROBERT HAWKINS,

Plaintiff,

VERSUS

NASSAU COUNTY CORRECTIONAL FACILITY, ET AL.,

Defendants.

———————————————

**MEMORANDUM AND ORDER**
February 8, 2011

———————————————

JOSEPH F. BIANCO, District Judge:

Plaintiff Robert Hawkins ("plaintiff" or "Hawkins") brought the above-captioned action against defendant Nassau County Correctional Facility ("defendant" or "the County" or "the Correctional Facility"), as well as "John Does," alleging defendants were negligent in failing to clean up water which was on the floor in the shower area of the Correctional Facility, thus depriving him of his Eighth Amendment rights as guaranteed by 42 U.S.C. § 1983 ("Section 1983").

Defendants now move for an order dismissing plaintiff's complaint in its entirety pursuant to Federal Rule of Civil Procedure 12(b)(6).[1] For the reasons set forth herein,

———————————————

[1] As a threshold matter, the Court notes that the Nassau County Correctional Facility is an "administrative arm[]" of the municipal entity, the County of Nassau, and thus lacks the capacity to be sued as a separate entity. *See, e.g., Caidor v. M & T Bank*, No. 5:05-CV-297, 2006 U.S. Dist. LEXIS 22980, at *6-7 (N.D.N.Y. Mar. 27, 2006) ("'Under New York law, departments which are merely administrative arms of a municipality, do not have a legal identity separate and apart from the municipality and cannot sue or be sued.'" (quoting *Hill v. City of White Plains*, 185 F. Supp. 2d 293, 303 (S.D.N.Y. 2002))). As such, the Court will construe plaintiff's complaint as lodged against the County of Nassau. Similarly, although no individual defendants are listed in the caption, plaintiff does make a conclusory reference to "John Does" in the complaint. Therefore, in an abundance of caution, the Court will also construe the complaint to be against unnamed County

defendants' motion is granted.

## I. FACTS

The following facts are taken from the complaint and are not findings of fact by the Court. The Court assumes these facts to be true for the purpose of deciding this motion and construes them in the light most favorable to plaintiff, the non-moving party.

The conclusory complaint alleges that the plaintiff slipped and fell on his way to the shower area because of water that was on the floor from the shower area. According to the complaint, the incident occurred on April 5, in E-1-G between the 39th and 40th cell. Moreover, plaintiff asserts generally that the shower area has been a problem in the facility for some time. Plaintiff further alleges that he hurt his right elbow from the fall and received pain medication from the medical unit.

## II. PROCEDURAL HISTORY

On April 22, 2010, plaintiff filed the instant action. Defendants moved to dismiss on July 1, 2010. Although the Court ordered that the plaintiff submit his response by August 12, 2010, plaintiff failed to file a response; rather, on August 16, 2010, the Court received a brief note from plaintiff which simply attached a newspaper article regarding allegedly unsanitary conditions at the Nassau County jail (which had been generally referenced in his complaint). On August 25, 2010, the County filed a letter with the Court, noting that plaintiff failed to file any opposition and requesting that the Court consider the motion fully briefed and unopposed. Plaintiff

officials who were involved in maintenance of the shower area. The County has moved to dismiss the case both against the County itself, as well as any John Doe individual defendants.

did not respond to the County's letter. However, rather than treat the motion as unopposed, the Court will liberally construe plaintiff's August 16 submission of the newspaper article as his opposition and will consider the motion on the merits. Thus, the Court has fully considered the submissions of the parties.

## III. STANDARD OF REVIEW

In reviewing a motion to dismiss pursuant to Rule 12(b)(6), the Court must accept the factual allegations set forth in the complaint as true and draw all reasonable inferences in favor of the plaintiff. *See Cleveland v. Caplaw Enters.*, 448 F.3d 518, 521 (2d Cir. 2006); *Nechis v. Oxford Health Plans, Inc.*, 421 F.3d 96, 100 (2d Cir. 2005). "In order to survive a motion to dismiss under Rule 12(b)(6), a complaint must allege a plausible set of facts sufficient 'to raise a right to relief above the speculative level.'" *Operating Local 649 Annuity Trust Fund v. Smith Barney Fund Mgmt. LLC*, 595 F.3d 86, 91 (2d Cir. 2010) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). This standard does not require "heightened fact pleading of specifics, but only enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570.

The Supreme Court clarified the appropriate pleading standard in *Ashcroft v. Iqbal*, 129 S. Ct. 1937 (2009), setting forth a two-pronged approach for courts deciding a motion to dismiss. The Court instructed district courts to first "identify[ ] pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." 129 S. Ct. at 1950. Though "legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Id*. Second, if a complaint contains "well-pleaded factual

allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.*

Where, as here, the plaintiff is proceeding *pro se*, "[c]ourts are obligated to construe the [plaintiff's] pleadings . . . liberally." *McClusky v. New York State Unified Ct. Sys.*, No. 10-CV-2144 (JFB)(ETB), 2010 WL 2558624, at *2 (E.D.N.Y. June 17, 2010) (citing *Sealed Plaintiff v. Sealed Defendant*, 537 F.3d 185, 191 (2d Cir. 2008); *McEachin v. McGuinnis*, 357 F.3d 197, 200 (2d Cir. 2004)). A *pro se* plaintiff's complaint, while liberally interpreted, still must "'state a claim to relief that is plausible on its face.'" *Mancuso v. Hynes*, 379 Fed. App'x 60, 61 (2d Cir. 2010) (citing *Iqbal*, 129 S. Ct. at 1949); *see also Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009) (applying *Twombly* and *Iqbal* to *pro se* complaint).

## IV. DISCUSSION

To prevail on a claim under Section 1983, a plaintiff must show: (1) the deprivation of any rights, privileges, or immunities secured by the Constitution and its laws; (2) by a person acting under the color of state law. 42 U.S.C. § 1983. "Section 1983 itself creates no substantive rights; it provides only a procedure for redress for the deprivation of rights established elsewhere." *Sykes v. James*, 13 F.3d 515, 519 (2d Cir. 1993).

Here, pursuant to Section 1983, plaintiff claims that his constitutional rights were violated when the County was allegedly negligent in allowing water to be on the floor of the Correctional Facility on the way to the shower area, which caused plaintiff to fall and be injured. The defendants now move to dismiss the complaint on the ground that plaintiff has failed to state a claim for "deliberate medical indifference" as a matter of law because this type of negligence claim is not cognizable under Section 1983. For the reasons set forth below, after liberally reviewing the complaint, accepting all of its allegations as true, and construing them in the light most favorable to plaintiff, the Court agrees with defendants and dismisses the complaint.[2]

## A. Legal Standard[3]

As the Second Circuit has explained, pursuant to the standard established by the Supreme Court in *Farmer v. Brennan*, 511 U.S. 825, 837 (1994),

---

[2] Defendants also argue (in the alternative) that plaintiff failed to meet the requirements of the Prisoner Litigation Reform Act by asserting that he has exhausted all available administrative remedies. However, the complaint does state that plaintiff filed a grievance and did not get any result. Thus, the Court will liberally construe those allegations as asserting that he exhausted his administrative remedies, and finds that the complaint fails to state a claim under Section 1983 for the reasons set forth *infra*.

[3] The Court is aware that "Eighth Amendment claims are only available to plaintiffs who have been convicted of a crime," *Hill v. Nieves*, No. 06 Civ. 8213 (DLC), 2008 U.S. Dist. LEXIS 25911, at *15 (S.D.N.Y. Mar. 31, 2008), and the complaint does not state whether Hawkins was convicted of a crime at the time of the incident in question. However, as courts routinely recognize, "[t]he rubric for evaluating deliberate indifference claims is the same under the Eighth and Fourteenth Amendments." *Id.*; *accord Hill v. Nicodemus*, 979 F.2d 987, 991-92 (4th Cir. 1992). Thus, the Court applies the standard for Eighth Amendment deliberate indifference claims to evaluate Hawkins' complaint and also concludes that, even if his claim were analyzed under the Due Process Clause as a pretrial detainee, the claim still could not survive a motion to dismiss for the reasons set forth herein.

[t]he Eighth Amendment requires prison officials to take reasonable measures to guarantee the safety of inmates in their custody. Moreover, under 42 U.S.C. § 1983, prison officials are liable for harm incurred by an inmate if the officials acted with 'deliberate indifference' to the safety of the inmate. However, to state a cognizable section 1983 claim, the prisoner must allege actions or omissions sufficient to demonstrate deliberate indifference; mere negligence will not suffice.

*Hayes v. N.Y. City Dep't of Corr.*, 84 F.3d 614, 620 (2d Cir. 1996) (citations omitted); *see also Graham v. Poole*, 476 F. Supp. 2d 257, 259-60 (W.D.N.Y. 2007) ("For purposes of Eighth Amendment claims, the Supreme Court has drawn a 'distinction between mere negligence and wanton conduct . . . .'" (quoting *Whitley v. Albers*, 475 U.S. 312, 322 (1986))). Thus, according to the Second Circuit,

> [d]efendants may be held liable under § 1983 if they . . . exhibited deliberate indifference to a known injury, a known risk, or a specific duty, and their failure to perform the duty or act to ameliorate the risk or injury was a proximate cause of plaintiff's deprivation of rights under the Constitution. Deliberate indifference is found in the Eighth Amendment context when a prison supervisor knows of and disregards an excessive risk to inmate health or safety . . . . Whether one puts it in terms of duty or deliberate indifference,

prison officials who act reasonably cannot be found liable under the Cruel and Unusual Punishments Clause.

*Ortiz v. Goord*, 276 Fed. App'x 97, 98 (2d Cir. 2008) (citations and quotation marks omitted); *see also Harrison v. Barkley*, 219 F.3d 132, 137 (2d Cir. 2000) ("Deliberate indifference will exist when an official 'knows that inmates face a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it.'" (quoting *Farmer*, 511 U.S. at 847)); *Curry v. Kerik*, 163 F. Supp. 2d 232, 237 (S.D.N.Y. 2001) ("'[A]n official acts with the requisite deliberate indifference when that official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference.'" (internal quotation marks omitted) (quoting *Chance v. Armstrong*, 143 F.3d 698, 702 (2d Cir. 1998))).

In particular, the Second Circuit has set forth a two-part test for determining whether a prison official's actions or omissions rise to the level of deliberate indifference:

> The test for deliberate indifference is twofold. First, the plaintiff must demonstrate that he is incarcerated under conditions posing a substantial risk of serious harm. Second, the plaintiff must demonstrate that the defendant prison officials possessed sufficient culpable intent. The second prong of the deliberate indifference test, culpable intent, in turn, involves a two-tier inquiry. Specifically, a

prison official has sufficient culpable intent if he has knowledge that an inmate faces a substantial risk of serious harm and he disregards that risk by failing to take reasonable measures to abate the harm.

*Hayes*, 84 F.3d at 620 (citation and quotation marks omitted); *see also Phelps v. Kapnolas*, 308 F.3d 180, 185-86 (2d Cir. 2002) (setting forth two-part test articulated in *Hayes*).

## B. Application

Here, the Court has liberally construed Hawkins' complaint—taking all of its allegations as true and construing them in the light most favorable to plaintiff—and, for the reasons set forth below, concludes that, as a matter of law, his claim regarding the water in the shower area fails to state a claim under Section 1983 against the County or any individual County defendants.

The Court concludes, as a matter of law, that plaintiff's allegations (even if true) cannot possibly satisfy the objective element of the Eighth Amendment's prohibition on cruel and unusual punishment—namely, that the conduct was sufficiently serious to rise to the level of a constitutional violation. Both the Supreme Court and the Second Circuit have emphasized, with respect to the objective element in "condition of confinement" cases under the Eighth Amendment, that a prisoner cannot be deprived of his "'basic human needs'" and prison officials may not "expose prisoners to conditions that 'pose an unreasonable risk of serious damage to [their] future health.'" *Phelps*, 308 F.3d at 185 (citation and internal quotations omitted) (quoting *Helling v. McKinney*, 509 U.S. 25, 32, 35 (1993). Thus, "[o]nly deprivations denying the minimal civilized measure of life's necessities are sufficiently grave to form the basis of an Eighth Amendment violation." *Salahuddin v. Goord*, 467 F.3d 263, 279 (2d Cir. 2006) (quotation marks omitted).

In the instant case, the alleged water in the shower area does not deprive plaintiff of a basic human need and, thus, cannot as a matter of law give rise to a constitutional violation that can be brought under Section 1983. Although water on a floor certainly implicates safety, not every safety issue in a jail implicates a constitutional right; rather, the alleged safety issue must expose the inmate to serious damage to future health. Water on the floor of the shower area (and/or the absence of shower mats) in a jail simply cannot meet that standard. To hold otherwise would transform any alleged indifferent act by prison officials, which leads to a potentially unsafe condition, into a constitutional violation under Section 1983. Such a result is inconsistent with the Supreme Court and Second Circuit's jurisprudence that make clear that, completely separate from the mental state of the prison official, the alleged conduct must be sufficiently serious to implicate the Eighth Amendment. In other words, lawsuits alleging garden-variety torts in the prison system that do not implicate basic human needs and constitutional rights are properly within the province of state courts, and are not cognizable under Section 1983. In short, the Court holds that the alleged unconstitutional act set forth in this complaint—*i.e.*, allowing water on the floor of the shower area in the prison— cannot as a matter of law state a plausible Section 1983 claim, and thus the complaint must be dismissed.

This Court's holding is consistent with numerous decisions in other circuits, as well as district courts in this circuit and elsewhere, which have similarly concluded that the lack of a shower mat and/or water on the floor in the

jail does not rise to the level of a constitutional violation and, thus, is not actionable under Section 1983. *See, e.g., Reynolds v. Powell*, 370 F.3d 1028, 1031 (10th Cir. 2004) ("We hold that plaintiff has failed to establish that the standing-water problem was a sufficiently serious condition to warrant constitutional protection under the Eighth Amendment. Thus, we do not need to address the deliberate indifference requirement."); *Snipes v. DeTella*, 95 F.3d 586, 592 (7th Cir. 1996) (holding that "an inch or two of water in the shower . . . is not 'an excessive risk to inmate health or safety,' nor the 'denial of the minimal civilized measure of life's necessities'" (quoting *Farmer*, 511 U.S. at 834, 837)); *LeMaire v. Maass*, 12 F.3d 1444, 1457 (9th Cir. 1993) ("Even if the floors of the shower are slippery and [the plaintiff] might fall while showering, slippery prison floors . . . do not state even an arguable claim for cruel and unusual punishment." (quotations marks omitted)); *Johnson v. New York City Dep't of Correction*, No. 10-CV-338 (JG), 2010 WL 2426017, at *1 (E.D.N.Y. June 11, 2010) (dismissing claim that plaintiff's constitutional rights were violated when he slipped and fell in the shower); *Flowers v. City of New York*, 668 F. Supp. 2d 574, 578 (S.D.N.Y. 2009) ("Any claim against the City for the slip and fall that resulted in plaintiff's ankle injury – a garden variety tort – is not cognizable under Section 1983 and must be litigated in state court."); *Edwards v. City of New York*, No. 08 Civ. 05787 (PGG), 2009 WL 2596595, at *3 (S.D.N.Y. Aug. 24, 2009) ("[C]ourts have held that allegations of wet conditions leading to a slip-and-fall will not support a Section 1983 claim even where, as here, the plaintiff also alleges that the individual defendants had notice of the wet condition but failed to address it." (collecting cases)); *Adams v. Perez*, No. 08 Civ. 4834 (BSJ)(MHD), 2009 WL 513036, at *3 (S.D.N.Y. Feb. 27, 2009) ("Courts have repeatedly held that a failure on the part of prison officials to provide shower mats does not rise to the level of a constitutional violation." (collecting cases)); *see also Ball v. City of Bristol, VA, Jail*, No. 7:10CV00303, 2010 WL 2754320, at *2 n.3 (W.D.Va. July 12, 2010) ("Courts have regularly held that slip and fall accidents do not give rise to federal causes of action under § 1983." (collecting cases)); *Mitchell v. West Virginia*, 554 F. Supp. 1215, 1216 (N.D.W.Va. 1983) ("[a] 'slip and fall,' without more, does not amount to cruel and unusual punishment . . . Remedy for this type of injury, if any, must be sought in state court under traditional tort law principles").[4]

In sum, plaintiff's allegations that he fell in the shower area of the jail because of a slippery floor do not state a plausible Section 1983 claim, and thus the claim must be dismissed.[5]

---

[4] The case of *Frost v. Agnos*, 152 F.3d 1124, 1127-29 (9th Cir. 1998), which is a case the Court found (in its own research) where allegations of slippery showers were found to be cognizable under Section 1983, is clearly distinguishable because it involved a disabled prisoner on crutches who had fallen many times and claimed that multiple risks at the jail, including slippery shower floors with no safety features, created a serious risk to his health and safety. Under those special circumstances, the Ninth Circuit found a Section 1983 claim under the Eighth Amendment could exist. However, in the instant case, it is clear from the complaint (and plaintiff's conclusory opposition, consisting of a newspaper article) that no such unique or special circumstances exist here.

[5] Defendants also argue, in the alternative, that the complaint should be dismissed because (1) plaintiff failed to allege municipal policy or practice under *Monell v. New York Dep't of Social* Servs., 436 U.S. 658 (1978), and (2) plaintiff failed to allege personal involvement by the individual defendants. However, the Court need not address these arguments because it finds that the complaint should be dismissed on the grounds stated above.

## C. Leave to Replead

Although plaintiff has not requested leave to amend or replead his complaint, the Court has considered whether plaintiff should be given an opportunity to replead. The Second Circuit has emphasized that

> A *pro se* complaint is to be read liberally. Certainly the court should not dismiss without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated.

*Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (quotations and citations omitted). Under Rule 15(a) of the Federal Rules of Civil Procedure, the "court should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a). However, even under this liberal standard, this Court finds that any attempt to amend the pleading in this case would be futile. As discussed in detail *supra,* it is clear from the complaint that plaintiff does not have any possibility of asserting a plausible Section 1983 claim for his alleged slip and fall in the shower area of the prison. After carefully reviewing the complaint, it is abundantly clear that no amendments can cure the pleading deficiencies and any attempt to replead would be futile. *See Cuoco*, 222 F.3d at 112 ("The problem with [plaintiff's] cause[] of action is substantive; better pleading will not cure it. Repleading would thus be futile. Such a futile request to replead should be denied."); *see also Hayden v. Cnty. of Nassau*, 180 F.3d 42, 53 (2d Cir. 1999) (holding that if a plaintiff cannot demonstrate he is able to amend his complaint "in a manner which would survive dismissal, opportunity to replead is rightfully denied").

## V. CONCLUSION

For the foregoing reasons, defendants' motion to dismiss plaintiff's complaint, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, is granted. The Clerk of the Court shall enter judgment accordingly and close the case.

The Court certifies, pursuant to 28 U.S.C. § 1915 (a)(3), that any appeal from this order would not be taken in good faith; therefore, *in forma pauperis* status is denied for purposes of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

_____
JOSEPH F. BIANCO
United States District Judge

Dated:      February 8, 2011
            Central Islip, NY

* * *

Plaintiff is representing himself *pro se*: Robert Hawkins, 20-H Gladys Avenue, Hempstead, New York 11550. The attorneys for the defendants are: Ilene L. Teitler and Liora M. Ben-Sorek, Nassau County Attorney's Office, One West Street, Mineola, New York 11501.